[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10772
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2010
JOHN LEY
CLERK

D. C. Docket No. 1:09-cv-21191-UU

DENISE CATASUS,

Plaintiff-Appellant,

versus

BELLSOUTH TELECOMMUNICATIONS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 22, 2010)

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Denise Catasus ("Catasus") appeals the district court's order granting

summary judgment in favor of BellSouth Telecommunications, Inc. ("BellSouth"), in a suit seeking to vacate an arbitration opinion. On appeal, Catasus argues that the district court improperly granted summary judgment in favor of BellSouth because the original arbitration opinion – upholding Catasus' termination – went beyond the issues submitted and exceeded the arbitrator's jurisdiction. We AFFIRM the district court's grant of summary judgment in favor of BellSouth.

## I. BACKGROUND

Catasus was employed by BellSouth as a sales representative in Miami, Florida until her termination on 3 July 2006. 1-27 at 1; 1-1 at Ex. A, Arb. Op. and Award at 1. The terms and conditions of her employment were covered by a collective bargaining agreement ("CBA") between herself and the Communication Workers of America. 1-27 at 1; 1-1 at Ex. A, Arb. Op. and Award at 2. Pursuant to the CBA, Catasus filed a grievance concerning her termination, which was not resolved through the internal grievance procedure and was subsequently presented to an arbitrator for review and resolution. 1-27 at 1; 1-1 at Ex. A, Arb. Op. and Award at 11. The only issue submitted to the arbitrator was: "Was the termination of Denise Catasus for just cause?" 1-27 at 1.

At the arbitration hearing, each party submitted exhibits, and sworn testimony was taken. *Id*. at 2. As part of the evidence submitted, BellSouth

included a copy of its Short Term Disability Plan ("STDP") which was not part of the CBA, but was the subject of a dispute preceding Catasus' termination. *Id.* Subsequently, the arbitrator issued his twenty-six page opinion and award on 22 November 2008. *Id.*; 1-1 at Ex. A, Arb. Op. and Award. The opinion and award described an injury which occurred while Catasus was working for BellSouth, detailed the communications and administration related to Catasus' application for short term disability, and ultimately held that BellSouth had just cause to terminate Catasus. 1-1 at Ex. A, Arb. Op. and Award.

On 19 February 2009, Catasus filed a Petition to Vacate Arbitration Award in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida which argued that the arbitration award should be vacated because: (1) the award went beyond the issue submitted, (2) the arbitrator exceeded his jurisdiction, and (3) the award was so arbitrary and capricious it amounted to a deprivation of due process. 1-29 at 4. BellSouth removed the action to the United States District Court for the Southern District of Florida and later filed a Motion for Summary Judgment, which was granted on 14 January 2010. *Id.* at 4, 9.

On appeal, Catasus argues that the district court improperly granted summary judgment in favor of BellSouth because "the arbitrator went beyond the issues submitted to him in reaching his decision." Catasus Initial Brief at 5.

3

Specifically, Catasus alleges that "the arbitrator interpreted and applied [BellSouth's STDP] which was not part of the [CBA] and outside the arbitrator's jurisdiction." *Id.*

## II. DISCUSSION

We review a district court's grant or denial of summary judgment *de novo*, using the same legal standard as the district court. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party." *Id.* at 836-37. "We review confirmations of arbitration awards and denials of motions to vacate arbitration awards under the same standard, reviewing the district court's findings of fact for clear error and its legal conclusions *de novo*." *Frazier v. Citifinancial Corp. LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010).

We have jurisdiction to review decisions of labor arbitrators under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 121 S. Ct. 1724, 1728 (2001). "[R]eview of a labor arbitration award is limited to a determination of whether an award is irrational, whether it fails to draw its essence from the

4

collective bargaining agreement or whether it exceeds the scope of the arbitrator's authority." *Osram Sylvania, Inc. v. Teamsters Local Union 528*, 87 F.3d 1261, 1263 (11th Cir. 1996) (internal quotation marks and citation omitted); *see also Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.,* 455 F.3d 1313, 1316 (11th Cir. 2006). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Osram,* 87 F.3d at 1263 (quoting *United Paperworkers Int'l Union v. Misco, Inc.* 484 U.S. 29, 38, 108 S. Ct. 364, 371 (1987).

Catasus argues that the arbitrator interpreted and construed BellSouth's STDP and, in so doing, went beyond the issues submitted and exceeded his jurisdiction. The arbitrator's opinion and award, however, does not support this conclusion. Review of the arbitrator's opinion makes clear that the arbitrator did not decide whether Catasus was entitled to receive short-term disability, nor interpret the STDP. Any citations to or discussion of the STDP in the opinion were purely in reference to the STDP's prior and ongoing administration. *See, e.g.* 1-1 at Ex. A, Arb. Op. and Award ("[Catasus] was discharged . . . for failing to return to work following the denial of her [STDP] claim," at 1, "she applied for [an

5

STDP claim]," at 3, "[t]he Grievant's claim for benefits under the [STDP] was denied . . . Grievant filed a 'first level appeal,'" at 3, "[t]he Grievant's 'first level appeal' . . . was denied," at 5, "[Catasus] applied a second time for [STDP] benefits, and also filed a second application for [STDP] Appeal Leave," at 8, "the Grievant's second claim for [STDP] benefits was denied . . . and the deadline for a final decision on her second level appeal . . . was set," at 9). Since Catasus was seeking STDP benefits on the grounds that she was disabled, and therefore not reporting to work, the administration and communication related to the STDP was a peripheral issue related to her termination. There was no extension of authority beyond the CBA on the part of the arbitrator nor interpretation of the STDP.

### III. CONCLUSION

Catasus appeals the district court's order granting summary judgment in favor of BellSouth in a suit seeking to vacate an arbitration opinion. We conclude the district court did not err in granting summary judgment because the arbitrator did not exceed his authority or jurisdiction. Accordingly, we **AFFIRM** the district court's grant of summary judgment in favor of BellSouth.

**AFFIRMED.**